```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


ERLEND TANGEN,                    :

     Plaintiff,                   :

vs.                                       CIVIL ACTION 12-0267-CG-M
                                  :
IDEACOM OF THE GULF COAST, INC.,
                                  :
     Defendant.
```

## REPORT AND RECOMMENDATION

Defendant's 12(b)(6) Motion to Dismiss (Doc. 17) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Federal question jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  After consideration, it is recommended that the Motion to Dismiss be denied (Doc. 17).

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff's Amended Complaint sets out the following factual allegations that give rise to his action. Plaintiff Erlend Tangen ("Plaintiff") and Defendant Ideacom of the Gulf Coast, Inc. ("Defendant") entered into an employment agreement on September 3, 2002 (Doc. 14, p. 2). The written agreement states as follows:

> 4. COMMISSION PAYMENTS. In addition to the payments under the preceding paragraph, Employer will make commission payments to the Employee based on 5.00% of List price sales. This commission will be paid bi-

>   weekly, no later than 10 days after the payroll period
>   that has ended on the preceding Friday.

(Doc. 14-1, p. 1).  Later Plaintiff received a copy of a sales compensation program, which is attached to his Amended Complaint (*see* Doc. 14-2).  The sales compensation program outlines how Defendant compensated Plaintiff for his sales (*see* Doc. 14, p. 2; Doc. 14-2).  Plaintiff asserts that the sales compensation program, which became effective on January 1, 2009, was a unilateral modification to Plaintiff's employment agreement (Doc. 14, p. 2).  Plaintiff states that his compensation remained roughly at 5.00% even under the sales compensation program (Doc. 14, pp. 2-3).

On or about May 12, 2011, Plaintiff submitted his written resignation from his job with Defendant in order to pursue employment with another company (Doc. 14, p. 3).  After Plaintiff resigned, Defendant refused to pay Plaintiff the earned commissions owed to him (Doc. 14, p. 3).  Plaintiff and Defendant derived Plaintiff's compensation from an earned commission report (Doc. 14, p. 3).  Plaintiff requested payment of his sales commission, but was told by Defendant's bookkeeper that Plaintiff's report had been deleted (Doc. 14, p. 3).

Plaintiff filed his initial Complaint on April 17, 2012 (Doc. 1).  Defendant filed a 12(b)(6) Motion to Dismiss on May 21, 2012 wherein Defendant pointed out that Plaintiff failed to

properly allege 28 U.S.C. § 1332 diversity jurisdiction (Doc. 7).  On May 29, 2012, Plaintiff proceeded to file an Amended Complaint which cured the defect (*see* Doc. 14, p. 1).  In the Amended Complaint, Plaintiff claims that Defendant violated the Alabama Sales Commission Act, breached Plaintiff's employment contract, and "negligently failed to ascertain, accurately compute and/or remit payment" for Plaintiff's earned compensation (Doc. 14, pp. 3-6).  Plaintiff requests damages in the amount of "**$78,311.09**, together with legal interest, costs and attorney's fees" (Doc. 14, p. 3)(emphasis in original).  On June 12, 2012, Defendant filed another 12(b)(6) Motion to Dismiss (Doc. 17).  Defendant argues that Plaintiff's Amended Complaint does not plead with enough particularity the facts underpinning Plaintiff's legal claims since Plaintiff fails to identify which sales transactions gave rise to the alleged commission (Doc. 17).

## LEGAL DISCUSSION

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). "However, when the plaintiff refers to

3

certain documents in the complaint and those documents are central to the plaintiff's claim, the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal and consideration of the documents will not require conversion of the motion into a motion for summary judgment." *Randles v. Singletary*, 2001 WL 1736881, *1 (M.D. Fla. Aug. 10, 2001); *see also Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of*

4

*Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) citing *Twombley*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged-but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950, 173 L.Ed.2d 868 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

However, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Deuel v. Santander Consumer USA, Inc.*, 700 F.Supp.2d 1306, 1310 (S.D. Fla. 2010) citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations and internal quotations omitted). "Under Rule 8(a)'s liberal

pleading requirements, a complaint need not even allege every element of a cause of action so long as it contains sufficient 'inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory.'" *Iglesia Cristiana El Buen Samaritano, Inc. v. Guardian Services, LLC*, 2011 WL 5854640, *2 (S.D. Fla. Nov. 21, 2011) (unreported) (citation omitted) (denying the motion to dismiss since the defendant could reasonably prepare a response from the facts set forth without the actual foreclosure date).  A complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

   Defendant argues that Plaintiff has failed to allege "circumstances, occurrences and events in support of the claim presented that allegedly entitle him to payment of $78,311.09" (Doc. 17, p. 2)(internal quotation omitted).  However, Plaintiff's Amended Complaint contains the facts supporting Plaintiff's claims and request for payment, namely, that (1) his employment agreement and subsequent contract modification with Defendant entitled Plaintiff to receive sales commissions; (2) Plaintiff submitted his resignation as of May 12, 2011; (3)

Defendant owed Plaintiff a commission based on the earned commission report; and (4) Plaintiff was not paid his commission after he submitted his resignation (Doc. 14, pp. 1-4). Defendant argues that Plaintiff needs to identify which exact sales gave rise to his commission earnings because otherwise Defendant is not "provided fair notice of what jobs Plaintiff is claiming a commissions [sic]" (Doc. 17, pp. 2-3; Doc. 21, pp. 1-2).

Specific facts, such as the date of sales, are not necessary for Defendant to have fair notice of what Plaintiff's claim is and the grounds upon which they rest. *See Deuel*, 700 F.Supp.2d at 1310. Defendant does know on what basis Plaintiff's claims hinge, namely, the failure to pay Plaintiff his sales commissions after Plaintiff handed in his resignation. The dates of the sales made by Plaintiff are not necessary to respond to the claims themselves and are easily discernible in discovery. *See Iglesia Cristiana El Buen Samaritano, Inc.*, 2011 WL 5854640, at *2. Defendant knows that the sales in question are those reported in the last earned commission report generated by Defendant for Plaintiff's sales activities (*see* Doc. 14). Also, Defendant fails to cite any case law that requires a plaintiff to provide dates for sales and/or to identify exact sales in order to give proper notice to a defendant for claims involving violation of the Alabama Sales

7

Commission Act, breach of an employment contract, or negligent failure to pay monies owed arising from an employment contract. The Court finds that Plaintiff has met the requisite pleading standards and recommends that the Motion to Dismiss be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 20th day of July, 2012.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE


**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  Objection.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

>  Recommendation" within ten days[1]  after being served
>  with a copy of the recommendation, unless a different
>  time is established by order.  The statement of
>  objection shall specify those portions of the
>  recommendation to which objection is made and the
>  basis for the objection.  The objecting party shall
>  submit to the district judge, at the time of filing
>  the objection, a brief setting forth the party's
>  arguments that the magistrate judge's recommendation
>  should be reviewed de novo and a different disposition
>  made.  It is insufficient to submit only a copy of the
>  original brief submitted to the magistrate judge,
>  although a copy of the original brief may be submitted
>  or referred to and incorporated into the brief in
>  support of the objection.  Failure to submit a brief
>  in support of the objection may be deemed an
>  abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Transcript (applicable Where Proceedings Tape Recorded). Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).