IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ERLEND TANGEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0267-CG-M |
| | ) | |
| IDEACOM OF THE GULF COAST, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

### I. BACKGROUND

The controversy arose when Defendant Ideacom of the Gulf Coast, Inc., refused to pay a former employee, Plaintiff Erlend Tangen, several commission payments after Tangen left Ideacom for another job. Following a bench trial, the court ruled that Ideacom was liable to Tangen for those unpaid commissions on a breach-of-contract theory. (Doc. 132 at 11.) Tangen also prevailed on one of the claims he brought under the Alabama Sales Commission Act. (*Id.*) The court withheld its final judgment pending further briefing on the question of attorney's fees, and the matter comes before the court on Tangen's motions for attorney's fees (Doc. 133), taxation of costs (Doc. 135), and prejudgment interest (Doc. 136).

## II. DISCUSSION

A.  Attorney's Fees

It is already settled that Tangen is entitled to recover the attorney's fees he incurred pursuing his successful Sales Commission Act claim. (Doc. 132 at 11.) The only question left is how much? The Alabama Supreme Court has identified twelve factors the court might consider to answer that question:

> (1) the nature and value of the subject matter of the employment;
> (2) the learning, skill, and labor requisite to its proper discharge;
> (3) the time consumed;
> (4) the professional experience and reputation of the attorney;
> (5) the weight of his responsibilities;
> (6) the measure of success achieved;
> (7) the reasonable expenses incurred;
> (8) whether a fee is fixed or contingent;
> (9) the nature and length of a professional relationship;
> (10) the fee customarily charged in the locality for similar legal services;
> (11) the likelihood that a particular employment may preclude other employment; and
> (12) the time limitations imposed by the client or by the circumstances.[1]

Of those factors, three are particularly relevant here: (1) the amount of time Tangen's attorney spent on his successful Sales Commission Act claim; (2) the degree of success Tangen ultimately achieved; and (3) the customary fee charged for this sort of work in Mobile.

---

[1] *Van Schaack v. AmSouth Bank, N.A.,* 530 So. 2d 740, 749 (Ala.1988) (citing *Peebles v. Miley*, 439 So. 2d 137 (Ala. 1983)); *see also Kearney v. Auto-Owners Ins. Co.,* 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) ("Just as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of fees.").

Time comes first. *See Peebles*, 439 So. 2d at 141 ("[T]he first yardstick that is used by the trial judges is the time consumed."). Tangen's counsel says he spent 291.15 hours[2] and his paralegal spent 141.65 hours working on Tangen's successful Sales Commission Act claim. But as Ideacom points out, not all of those hours contributed to that claim's success. Some adjustments are in order.

First, the court excludes from its fee calculation the 10.55 hours Tangen's attorney and .40 hours his attorney's paralegal spent opposing Ideacom's first motion to dismiss (Doc. 134-3 at 1). The basis of that motion was purely technical, and amending the complaint as a matter of course would have cured the defect. But instead of doing that, Tangen's counsel engaged in a fruitless motion battle that culminated with the court pointing out the obvious and prompting Tangen to amend his complaint as a matter of course (Doc. 13). Tangen cannot recover the fees he expended on that motion battle because they were not necessary to the success of his Sales Commission Act claim. *See* Alabama Law of Damages § 33:1 (6th ed.) ("When attorney's fees are recoverable as damages, they can be recovered only to the extent that they are *necessarily incurred* and reasonable in amount." (emphasis added)).

---

[2] This figure does not include the 2.4 hours Tangen's attorney spent on an unrelated matter, which Tangen now concedes he should not recover. (Doc. 141 ("Undersigned counsel inadvertently included those time entries, which should be redacted in the amount of 2.4 hours . . . .").)

Next, the court excludes the 10.6 hours of attorney time and 5.0 hours of paralegal time associated with Tangen's delayed response to a request to produce certain emails (Doc. 134-2 (entries on Jan. 9, April 2, April 4, and April 5[3])). As Ideacom points out, Tangen should have produced those emails in August 2012 (Doc. 46 at 2), but he drug his feet well into March 2013 (Doc. 78 at 6). The delayed production of those emails served no productive end, so Tangen cannot recover any fees for the time his attorney spent dealing with Ideacom's attempts to hurry him along. The court will, however, allow Tangen to recover the fees he incurred when his attorney actually produced emails, which he was required to do under the rules of discovery.

And finally, the court excludes the 2.5 hours of attorney time and 7.75 hours of paralegal time associated with the three subpoenas Tangen issued a week before trial (Doc. 134-2 (entries on September 3, September 5, and September 9).) Given that discovery had closed months before, Tangen's counsel should have anticipated that Ideacom would successfully move to quash those subpoenas, or at least move to exclude any evidence they yielded. He is not entitled to recover the fees he incurred for that exercise in futility.

---

[3] The billing entries that reference the emails also include time that would be otherwise compensable, a practice that Ideacom objects to as "block billing." (Doc. 140 at 14.) Because the court cannot determine what portion of such entries reflect compensable time as opposed to uncompensable time, the court will disallow such entries in their entirety.

4

But Ideacom's other objections to specific time entries lack merit. First, Ideacom quibbles with Tangen's objection to the following request to admit:

> ADMIT that you did not, at any time place any order or engage in any sale of any "product or products for sale to customers who purchase the product or products for resale" while you were employed by defendant.

(Doc. 30 at 4). Rather than responding, Tangen objected that the request was too "poorly worded, vague, compound, ambiguous and confusing" (*id.*) to either admit or deny accurately. After discussions with Ideacom's counsel provided some clarification, Tangen responded to the request. (Doc. 33 at 1.) That was not an unreasonable course of action, so the court will not exclude the time spent on that objection. Likewise, the court will not exclude the time associated with Tangen's objection to Ideacom's eighth interrogatory, which successfully narrowed the scope of that interrogatory from five parts to two. (*See* Doc. 35 at 6 (declining to challenge Tangen's objection with respect to three parts of Ideacom's eighth interrogatory).) Second, Ideacom claims that the lion's share of Tangen's summary-judgment opposition (*i.e.*, all but two paragraphs) had nothing to do with the Sales Commission Act. On that point, Ideacom is simply wrong; as Tangen points out, his claims under the Act required him to prove a commission agreement existed, and the entirety of his summary-judgment opposition was devoted to doing just that. That means the whole of Tangen's

5

summary-judgment opposition related to his Sales Commission Act claims, so none of the time spent drafting it is due to be excluded from Tangen's fee award as unnecessary.

Of course, Ideacom is right to point out that most of Tangen's Sales Commissions Act claims did not survive summary judgment. That leads to the next factor under *Peebles*: the measure of success achieved. *See Peebles*, 439 So. 2d at 140. According to Ideacom's math, Tangen only recovered 2.6% of the total damages he sought under the Sales Commission Act, the implication being that the court should reduce Tangen's fee award by 97.4%. Such a drastic reduction is unwarranted here. Although most of Tangen's Sales Commission Act claims did not survive summary judgment, that doesn't mean the majority of the time he spent pursuing those claims was wasted effort.

Tangen's primary aim throughout this litigation has been to prove the existence and terms of his commission agreement with Ideacom; a fight he had to win whether he claimed one commission under that agreement or twenty. *See Lindy Mfg. Co. v. Twentieth Century Marketing, Inc.*, 706 So. 2d 1169, 1179 (Ala. 1997) (See, J., concurring) (noting that the Sales Commission Act does not create a right to receive commissions absent a valid commission agreement). As a result, the court finds that all the time Tangen spent proving that agreement's existence and terms was a necessary and reasonable part

of his one successful Sales Commission Act claim. But to the extent that Tangen's attorney spent time proving facts peculiar to the unsuccessful Sales Commission Act claims (damages, for instance), Tangen cannot recover attorney's fees.[4] Based on the court's knowledge of this lawsuit, 90% of Tangen's fees were spent proving the existence and terms of his commission agreement, while the other 10% was focused on questions unrelated to his one successful Sales Commission Act claim. *See Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Thus, a 10% reduction is appropriate in light of his unsuccessful Sales Commission Act claims.

Taking into account the adjustments discussed above, Tangen's attorney reasonably spent 240.75 hours on the successful Sales Commission Act claim and his paralegal reasonably spent 115.65 hours. At the rates his attorney charged—$175 an hour for attorney time and $75 an hour for paralegal time,[5] both of which are in line with fees "customarily charged in [this] locality for similar legal

---

[4] Tangen's billing records recognize this point by omitting the post-trial briefing on the question of damages.

[5] Ideacom does not claim that any of the time billed by a paralegal in Tangen's counsel's office in nonrecoverable. (*See* Doc. 134 (citing *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571 (2007) for the proposition that "Paralegal fees are recoverable as attorney fees.")).

services," *Van Schaack v. AmSouth Bank, N.A.,* 530 So. 2d at 749 — Tangen is entitled to an award of $50,805 for the attorney's fees he incurred pursuing his successful Sales Commission Act claim.

The court recognizes that this amount exceeds the award Tangen obtained on his successful Sales Commission Act claim. But that fact does not on its own justify a reduction in his fee award. With its treble-damages and fee-shifting provisions, the Sales Commission Act incentivizes lawsuits that might not otherwise be worth bringing, which helps achieve the Act's punitive purpose, *see RMC & Associates, Inc. v. Beasley*, 958 So.2d 879, 884 (Ala. Civ. App. 2006) (citing cases that illustrate the principal that treble-damage provisions are "essentially punitive in nature"). But if the court were to limit Tangen's fee award to the amount that he recovered, the opposite purpose would be served, and small claims like Tangen's would become prohibitively expensive to pursue. Ideacom has cited no law that suggests the fee-shifting provision in the Sales Commission Act was meant to prohibit the recovery of otherwise reasonable fees based on a plaintiff's damages award, and the court is aware of none. *Cf. Buckley v. Seymore*, 679 So. 2d 220 (Ala. 1996) (affirming an award of $71,538.45 in attorney's fees incurred obtaining a $3,388 judgment); *Gramercy Mills, Inc. v. Wolens*, 1996 WL 562460, at *14 (N.D. Ill. 1996) (awarding attorney's fees under the Illinois Sales Representative Act

8

and finding that "if the time was necessarily spent, the fact that it exceeds the amount of plaintiff's recovery is not a reason to deny full compensation"). Accordingly, the court will allow Tangen to recover the full amount of his reasonable attorney's fees as set out above.

**B.     Prejudgment Interest**

According to Ala. Code § 8-8-8, all contracts "for the payment of money" begin to bear interest "from the day . . . they should have been paid . . ." *Id.* Tangen says that means Ideacom owes him interest on his unpaid commissions calculated from the dates he should have received them.

But Tangen has not provided evidence of what those dates are. Instead, he relies on an unsupported allegation that Ideacom breached its contract with him on an unspecified date in May 2011. (*See* Doc. 136 at 2 (citing a portion of the court's order on the bench trial that made no such finding).) Without any evidence to establish *when* Ideacom should have paid each of the commissions Tangen recovered here, the court cannot calculate the interest due on them. Accordingly, Tangen's motion for prejudgment interest must be denied.

**C.     Costs**

Finally, Tangen moves for an award of costs. Ideacom doesn't dispute that Tangen is entitled to recover the costs he claims, only that Tangen has failed to properly document those costs. The court,

however, is satisfied with the documentation in the record, which includes specific descriptions of Tangen's costs (*see* Doc. 135-1; Doc. 134-2 at 23–24) and an affidavit attesting to the accuracy of his figures. Absent some indication that those figures are inaccurate, Tangen is entitled to recover the costs he claims.

### III. CONCLUSION

It is therefore **ORDERED** as follows:

(1) Tangen's motion for attorney's fees (Doc. 133) is **GRANTED** in the amount of **$50,805.00**;

(2) Tangen's motion for taxation of costs (Doc. 135) is **GRANTED** in the amount of **$3,359.88**;

(3) Tangen's motion for prejudgment interest (Doc. 136) is **DENIED**; and

(4) Tangen's motion to amend his motion for taxation of costs (Doc. 141) is **DENIED AS MOOT** because the court did not base its decision on the additional evidence Tangen sought to submit.

An appropriate judgment will follow.

**DONE** and **ORDERED** this 13th day of February, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE